IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Alexandria Division</u>

| | | |
|---|---|---|
| ODYSSEY LOGISTICS and | ) | |
| TECHNOLOGY CORPORATION, | ) | |
|     Plaintiff | ) | |
| | ) | |
|       v. | ) | Civil Action No. 1:08CV1241 |
| | ) | (GBL/TRJ) |
| JOHN J. DOLL, in his official capacity as | ) | |
| Acting Under Secretary of Commerce | ) | |
| for Intellectual Property and Director of the | ) | |
| United States Patent and Trademark Office, | ) | |
|     Defendant | ) | |

## <u>FIRST AMENDED COMPLAINT</u>

Odyssey Logistics and Technology Corporation (hereinafter "OL&T" or "Plaintiff"), by and through its counsel, files this Amended Complaint against John J. Doll in his official capacity as Acting Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (hereinafter "USPTO" or "Defendant"):

## <u>NATURE OF THIS ACTION</u>

1.      This is a civil action seeking judicial review of various actions and inactions taken by Defendant with respect to a patent application filed by Plaintiff in 2004 and which remains in a procedural limbo due to those actions and inactions.  The central focus point for this action is a Petition filed by Plaintiff on October 22, 2007 under 37 C.F.R. § 1.181 (hereinafter "the Petition").  Plaintiff seeks judicial review of the Defendant's October 27, 2008 decision and other actions and inactions related to the Petition under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702-706.  If the Court finds that the October 27, 2008 decision or actions of Defendant

are not capable of judicial review under the APA, Plaintiff seeks a Writ of Mandamus directing Defendant to render a decision on the *Petition*, as ordered by an Order of the Board of Patent Appeals and Interferences (hereinafter the "Appeals Board") dated April 30, 2009 or otherwise, and to take such further action as may be necessary to permit Plaintiff to exercise its statutory right of appeal to the Appeals Board, and other rights available to it under applicable laws and regulations.

## THE PARTIES

2.      Plaintiff OL&T is a Delaware corporation with its principal place of business in Danbury, Connecticut.

3.      OL&T is a leading global logistics and transportation service provider for the chemical and process industries.

4.      Defendant, John J. Doll, Acting Under Secretary of Commerce for Intellectual Property and Director of the United States Patents and Trademark Office ("USPTO"), is a legal resident of the Eastern District of Virginia and is named in his official capacity.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1338, § 1361, § 1651 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*

6.      The USPTO is located in the Eastern District of Virginia.  Venue is proper in this district pursuant to 5 U.S.C. § 702-706 and 28 U.S.C. § 1391(e).

## BACKGROUND

**7**.      OL&T filed U. S. Patent Application No. 11/005,678 (hereinafter "the patent application") in the USPTO on December 7, 2004.  OL&T has been the Assignee of all right,

title and interest in U.S. Patent Application 11/005,678 throughout the pendency of the patent application.

8. The statute governing rejections, 35 U.S.C. § 132, states that "[w]henever . . . any claim for a patent is rejected, . . . , the Director shall notify the applicant thereof, stating the reasons for such rejection, . . ., together with such information and references as may be useful in judging the propriety of continuing the prosecution of his application… ."

9. The statute governing delays in issuance of a patent, 35 U.S.C. § 154 (b)(1)(A), states that "if the issue of an original patent is delayed due to the failure of the Patent and Trademark Office to . . . provide at least one of the notifications under section 132 of this title . . . not later than 14 months after . . . the date on which an application was filed . . . , the term of the patent shall be extended 1 day for each day after the end of the period specified . . . , until the action described in such clause is taken."

10. The first Office Action in the patent application at issue was rendered by the USPTO on August 3, 2006, approximately twenty (20) months after the date on which the application was filed. In the first Office Action, Patent Examiner Susanna Meineke-Diaz (hereinafter "the Examiner") rejected all 25 claims in the patent application as allegedly being indefinite under 35 USC § 112, second paragraph, and as being obvious under 35 USC § 103 by prior art allegedly existing prior to the filing date of the application.

11. The reasons given for the rejection of claims 1-25 as being indefinite under 35 U.S.C. § 112, second paragraph, were as follows:

> Claims 1-25 recite a system in the preamble of the claims; however, the body of the claims solely recites various modules. In light of the disclosure in the specification, the various modules are understood to be software modules. Software modules *per se* do not qualify as elements of a system. Instead, a system must comprise at least two physical hardware elements.

Office Action dated August 3, 2006, page 6.

12.     With respect to the rejection of claims 1-25 as being obvious under 35 U.S.C. § 103, the Examiner identified the references that allegedly rendered most of the claims as obvious. However, with respect to claims 21 and 23, the Examiner did not identify any references and instead relied upon "Official Notice."

13.     With respect to claim 21, the Examiner made the following statement:

> The Examiner takes Official Notice that it is old and well-known in the art of databases to maintain a history of changes that were made to information stored in a database. This practice helps verify the integrity of data and updates made to the data.

Office Action dated August 3, 2006, page 18.

14.     With respect to claim 23, the Examiner made the following Official Notice statement:

> Official Notice is taken that it is old and well-known in the art of contract management and negotiations to allow the negotiating parties to make minor changes to an awarded contract subject to approval of all negotiating parties. This allows all involved parties to quickly and efficiently address unanticipated situations arising in association with the contract.

Office Action dated August 3, 2006, pages 23-24.

15.     The Official Notice statements made with respect to claims 21 and 23 were not made for the first time on August 3, 2006. These statements had previously been made by the Examiner in an earlier filed related patent application (09/915,301) of which the patent application was a continuation.

16.     OL&T filed a response to the August 3, 2006 Office Action on February 5, 2007. In particular, OL&T amended the claims in response to the indefinite rejection and challenged the two "Official Notice" statements.

4

17.     In response to the indefiniteness rejection under 35 USC § 112, ¶ 2, OL&T amended claim 1 to include "at least one computer" and "at least one database… ."  *See* February 5, 2007 Amendment and Remarks.

18.     OL&T challenged the Official Notice Statement in the obviousness rejection of claim 21 as follows:

> With respect to claim 21, the rejection does no more than make unsubstantiated allegations that the recited features of the claim are old and well-known in the prior art.  Applicant challenges the assertions in their entirety, and do not accept that the Patent Office may reject claims without documentation based on "Official Notice."  Such action violates 35 USC 131 and 37 CFR 1.104(a).  These claims have been before the Patent Office for over six years and any evidence against them should be presented or the claim allowed.

19.     In the February 5, 2007 response, OL&T provided the following traversal to the Official Notice statement with respect to Claim 23: "The rejection acknowledges that this feature is not suggested by the Lettich patent application, but asserts Official Notice. . . ,  Applicant challenges the asserted Official Notice."

20.     The USPTO mailed a second Office Action, designated as a "final" Office Action, on April 20, 2007.  In the second Office Action, the Examiner and Supervisory Examiner James Trammell introduced new grounds for rejection under 35 USC § 112, ¶ 2:

> "<u>Furthermore</u>, even though independent claim 1 has been amended to incorporate 'at least one computer' and 'at least one database, said at least one database storing data in conjunction with at least one of a plurality of modules, said modules including…,' <u>there is still no express integration of the modules themselves with the computer and database</u>.  For example, the at least one database only stores data 'in conjunction with at least one of a plurality of modules.'  This means that the database does not necessarily store any of the modules themselves, but instead may store data remotely associated with the modules; therefore, the modules remain nothing more than software *per se*.  Additionally, even if this limitation were amended to recite that the database stores at least one of a plurality of modules, only one module would need to be

stored, thereby rendering all remaining modules as being outside of the scope of the apparatus claims <u>since software modules must be directly tied into structural elements</u> in order to merit patentable weight in an apparatus claim."

Office Action dated April 20, 2007 (emphasis added).

21.     In the second Office Action, the Examiner and Supervisory Examiner also claimed that OL&T did not adequately traverse the Official Notice and, as a consequence, OL&T was deemed to have admitted the statements in the Official Notice.

22.     The USPTO issued a supplemental Final Office Action dated July 20, 2007 in which the Examiner and Supervisory Examiner James Trammell reiterated the indefinite rejection in the April 20, 2007 Final Office Action and again asserted that OL&T's traversal of the Official Notice statements were inadequate and therefore the Official Notice Statements were deemed admitted prior art.  At some subsequent point, Supervisory Examiner James Trammell was replaced by Supervisory Examiner Kambiz Abdi with respect to the patent application.

23.     On October 22, 2007, OL&T filed a Petition for Withdrawal of Finality on two alternative bases.  The first basis was that the Examiner had included new grounds of rejection in a Final Office Action.  OL&T requested an opportunity to respond to the new rejection based upon 35 USC §  112, ¶ 2.  The second basis was that the Examiner erroneously held that OL&T had admitted the statements in the Official Notice set forth in the obviousness rejections of claims 21 and 23.  OL&T challenged the Official Notice statements because the Examiner did not properly support the Official Notice statements with any evidence.  OL&T further challenged the Examiner's subsequent determination that due to applicants' alleged inadequate traversal, the Official Notice statements were deemed admitted prior art.

24.     37 C.F.R. § 181( c ) in its current form states that "[w]hen a petition is taken . . . , . . .  The examiner may be directed by the Director to furnish a written statement, within a

specified time, setting forth the reasons for his or her decision upon the matters averred in the petition, supplying a copy to the petitioner."   The rule is substantially unchanged from when it was first introduced in 1949.  The Manual of Patent Examining Procedure ("MPEP") § 1002.02 was amended on or about 1996 to require two sequential petitions rather than a single petition.

25.     In a decision dated April 22, 2008, the Petition was dismissed.  The decision referred questions to Supervisory Examiner Kambiz Abdi and was signed by Director Wynn Coggins of Technology Center 3600.   On June 23, 2008, OL&T filed a Request for Reconsideration of the dismissal of the Petition, pointing out that the decision stated no reasons which were relevant to the dismissal, and that dismissal rather than a denial precluded Defendant from obtaining further review.

26.     On October 27, 2008, a second decision was mailed which replaced the earlier dismissal of the Petition, and denied the Petition.  A copy of the October 27, 2008 decision is attached hereto as Exhibit A.  The decision referred questions to Supervisory Examiner Kambiz Abdi and was signed by Director Wynn Coggins of Technology Center 3600.  The decision also obliquely referred to MPEP § 1002.02(b)(15), which states that the Deputy Commissioner for Patent Examination Policy decides "[P]etitions to review a decision of Technology Center Director, 37 CFR 1.181."

27.     On December 23. 2008, applicants filed a Request for Decision on Petition by Deputy Commissioner for Patent Examination Policy.   The December 23, 2008 Request indicated that it was not believed to be required by 37 CFR § 1.181, but was made "merely as a precaution" if necessary "for obtaining the review of the Deputy Commissioner or for the rendering of a final decision by the USPTO or to otherwise preserve the rights of applicants to

seek judicial review."   To date, the Deputy Commissioner has not provided an additional decision on the Petition.

28.   On information and belief, while the Petition was pending, ex parte communications regarding the Petition were had between Technology Director Wynn Coggins and/or one or more Special Program Examiners acting on behalf of Technology Director Wynn Coggins on one hand, and Supervisory Examiner James Trammel, Supervisory Examiner Kambiz Abdi and/or the Examiner on the other hand.   These ex parte communications regarding the Petition were not made a part of the written record and a written statement relating to the ex parte communications was not provided to Defendant.

29.   While the Petition was pending, OL&T did duly notice an appeal to the Board of Patent Appeals and Interferences on January 22, 2008 pursuant to 35 U.S.C. § 134 and 37 C.F.R. § 41.31.   A copy of the Notice of Appeal is attached hereto as Exhibit B.   OL&T filed an Appeal Brief on July 22, 2008.   However, before this Appeal Brief was received by the Appeals Board, the Technology Center informed OL&T that it had determined that the Brief was improper and that the application and appeal would be abandoned if OL&T did not submit a second brief. OL&T filed a second brief under duress on November 10, 2008, while objecting in part that it was not appropriate for the Technology Center to delay Plaintiff's appeal.

30.   On February 5, 2009, the Examiner provided an answer to OL&T's Briefs pursuant to 37 C.F.R. § 41.39.   In the Answer, the Examiner cited the Official Notice statements to which OL&T had objected as "Evidence Relied Upon".   The Examiner

31.   On April 6, 2009, OL&T filed a Reply Brief in which it objected to the characterization of the Official Notice statements as "Evidence."   OL&T also noted that the

Deputy Commissioner had not yet rendered a decision on the Petition and that the Examiner's Answer did not acknowledge the outstanding Petition.

32.     On April 30, 2009, the Appeals Board ordered that the Reply Brief and the Petition be considered.  The Appeals Board further stated that OL&T's Appeal would not be docketed until the Petition was considered.  A copy of the Order was transmitted via facsimile to the Deputy Commissioner on May 5, 2009.

33.     On May 28, 2009, the Examiner indicated that she had considered the Reply Brief.  However, the Examiner did not acknowledge or respond to the Order that the Petition be considered.

## COUNT I

34.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-33 as if set forth at length herein.

35.     Defendant's determination that the Office Action dated July 20, 2007 was properly made final and the refusal to withdraw the finality of the Office Action and accept Plaintiff's Amendment dated January 22, 2008 in response to the new grounds of rejection in the Office Action was arbitrary, capricious, an abuse of discretion, without observance of procedure required by law, or otherwise not in accordance with law, and should be set aside pursuant to the APA, 5 USC § 706.

36.     Defendant's ex parte communications regarding the Petition which were not made part of the written record or reflected in a written statement provided to Plaintiff violated 37 C.F.R. § 1.181(c).

## COUNT II

37.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-36 as if set forth at length herein.

38.     Defendant's determination that Plaintiff's challenge to the Official Notice statements with respect to claims 21 and 23 was inadequate was arbitrary, capricious, an abuse of discretion, without observance of procedure required by law, or otherwise not in accordance with law, and should be set aside pursuant to the APA, 5 USC § 706.

39.     Defendant's conclusions that Plaintiff made admissions, and that Official Notice statements with respect to claims 21 and 23 constitute admitted prior art that may be relied upon based upon the alleged inadequate challenge is arbitrary, capricious, an abuse of discretion, without observance of procedure required by law or otherwise not in accordance with law and should be set aside pursuant to the APA, 5 USC § 706.

40.     Defendant's reliance upon the disputed Official Notice rather than providing such references as may be useful in judging the proprietary of the rejection, first in the initial Office Action and continuing to this day while Plaintiff attempts to appeal the rejection, violates at least 35 U.S.C. § 132 and Defendant's right to appeal in 35 U.S.C. § 134 and 37 C.F.R. § 41.39.

## COUNT III

### (Action Unlawfully Withheld or Unreasonably Delayed)

41.     OL&T incorporates by reference the allegations set forth in paragraphs 1-40 as if set forth at length herein.

42.     Defendant has unreasonably delayed or withheld rights available to Plaintiff through applicable statues and regulations, by various actions and inactions, including by failing to render a timely decision on Plaintiff's Petition.

## COUNT IV

### (Violation of Rule 181)

43.     OL&T incorporates by reference the allegations set forth in paragraphs 1-42 as if set forth at length herein.

44.     Defendant has unreasonably delayed or withheld rights available to Plaintiff under 37 C.F.R. § 1.181, by various actions and inactions, including but not limited to adoption of MPEP § 1002.02 requiring the filing of two consecutive Petitions instead of a single Petition violated Plaintiff's statutory rights, including at least those provided under the notice-and-comment provisions of the Administrative Procedure Act and/or the Paperwork Reduction Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ODYSSEY LOGISTICS and TECHNOLOGY CORPORATION respectfully requests entry of judgment against Defendant as follows:

### On Count I:

1.     Reverse the decision dated October 27, 2008 denying Plaintiff's Petition filed on October 22, 2007 in the patent application;

2.      Order that the Defendant improperly refused to accept the Amendment filed by Plaintiff on January 22, 2008 to respond to the new grounds of rejection in the final Office Actions dated April 20, 2007 and July 20, 2007; and

3.      Order that the Defendant improperly refused to withdraw the finality of the Office Action dated July 20, 2007 and to permit Plaintiff an unrestricted opportunity to file a response to the Office Action.

**On Count II:**

1.      Order that Defendant improperly concluded that Plaintiff did not adequately challenge the Defendant's "Official Notice" made with respect to claims 21 and 23;

2.      Order that Defendant improperly concluded that Plaintiff admitted the facts in the "Official Notice" taken by the Defendant with respect to claims 21 and 23;

3.      Order that Defendant improperly relied upon such "Official Notice" rather than providing references violated Plaintiff's statutory rights, including at least the right to receive the references being relied upon by Defendant in 35 U.S.C. § 132, as applied in this instance; and

4.      Order that the procedure utilized by Defendant for the taking of "Official Notice" on its face violates Plaintiff's statutory rights, including at least the right to receive the references being relied upon by Defendant in 35 U.S.C. § 132.

**On Count III:**

1.      Issue a Writ of Mandamus compelling Defendant to provide a final agency decision on the Plaintiff's Petition filed on October 22, 2007, including by establishing a date certain for the decision;

2.      Issue a Writ of Mandamus compelling Defendant to take all steps as may be necessary to permit Plaintiff's appeal to the Board of Patent Appeals and Interferences; and

3.      Issue a Writ of Mandamus compelling Defendant to take such measures as may be necessary, including by establishing dates for oral hearing and other procedures, to compensate for the delay in docketing of Plaintiff's appeal.

**On Count IV:**

1.      Find that Defendant has violated 37 C.F.R. § 1.181 as applied in its treatment of Plaintiff's Petition filed on October 22, 2007.

2.      Find and order that Defendant's adoption and implementation in 1996 of the policy set forth in MPEP § 1002 on its face violates at least 37 C.F.R. § 181.

3.      Order that Defendant grant the relief requested in Plaintiff's Petition, including by setting a date certain for such relief.

**On All Counts:**

1.      Award OL&T costs and attorneys fees incurred in connection with this action pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1)-(b) and (d)(1)(A) and the Equal Access to Justice Act (5 U.S.C. § 504; 28 U.S.C. § 2412);

2.      Provide such other and further relief as this Court may deem to be appropriate, just and equitable.

Respectfully submitted this <u>8th</u> day of June 2009,

/s/ Craig C. Reilly

Craig C. Reilly, Esq.
Virginia Bar # 20942
111 Oronoco Street
Alexandria, Virginia 22314
TEL:  (703) 549-5354
FAX:  (703) 549-2604
EMAIL: <u>craig.reilly@ccreillylaw.com</u>
*Attorneys for Plaintiff,*
*Odyssey Logistics and Technology Corporation*

Edward W. Goebel, Jr.
Catherine Moodey Doyle
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
TEL(814) 870-7600
FAX (814) 454-4647

*Attorneys for Plaintiff,*
*Odyssey Logistics and Technology Corporation*